The Honorable Terry D. Jones Prosecuting Attorney Fourth Judicial District 280 North College, Suite 301 Fayetteville, Arkansas 72701
Dear Mr. Jones:
I am writing in response to your request for an opinion the following question:
 May the Circuit Clerk/Ex-Officio Recorder of Washington County provide for electronic/online recording of real estate instruments? This would involve the scanning by the filer of the instrument into a PDF document and then going online at the clerk's office to record the instrument. (This method is in use in Bankruptcy Court in Arkansas and throughout the nation.)
 Please note that the originally signed document would not be recorded under this scenario. Would this fall within the ambit of A.C.A. § 16-46-101? I also note that the statutes provide for e-filing for certain documents filed with the Secretary of State.
RESPONSE
In my opinion the answer to your question is "no," the recorder may not, under present law (specifically A.C.A. § 14-15-402
(Supp. 2005)), provide for electronic recording of real estate documents. Although the "Uniform Electronic Transactions Act" (A.C.A. §§ 25-32-101 to -121 (Repl. 2002), is arguably drafted broadly enough to permit such recording, it defers to any other law, where the other law requires a record to be posted or displayed in a certain manner. In my opinion A.C.A. § 14-15-402
is such a law.
The duties of county recorders are addressed in Title 14, Chapter 15, Subchapter 4 of the Arkansas Code. Section 14-15-402 (Supp. 2005) provides in this regard as follows:
 (a) It shall be the duty of each recorder to record in the books[1] provided for his or her office all deeds, mortgages, conveyances, deeds of trust, bonds, covenants, defeasances, affidavits, powers of attorney, assignments, contracts, agreements, leases, or other instruments of writing of, or writing concerning, any lands and tenements or goods and chattels, which shall be proved or acknowledged according to law, that are authorized to be recorded in his or her office.
 (b)(1) To be accepted by the recorder for recording purposes, all documents shall:
 (A) Be on eight and one-half inch (8½") by eleven inch (11") paper;
 (B) Have a two and one-half inch (2½") margin at the right top of the first page, one-half inch (½") margin on the sides and bottoms of all pages, and a two and one-half inch (2½") margin at the bottom of the last page;
 (C) Have an area reserved on the top right of the first page for the file mark of the recorder;
(D) Contain the following information:
(i) The title of the document; and
 (ii) The name of the grantor and grantee, when applicable;
 (E) Be acknowledged in accordance with § 16-47-207; and
(F) Be legible.
 (2)(A) The recorder shall have the discretion to waive the requirements of subdivision (b)(1) of this section for good cause.
 (B) All documents and instruments executed before January 1, 2004, shall be exempt from the requirements of subdivision (b)(1) of this section.
 (C) All surveys and plats shall be exempt from the requirements of subdivision (b)(1) of this section.
(Emphasis added).
In my opinion, subsection (b)(1)(A) above, with the exception of surveys and plats (see (b)(2)(C) above), requires the recorder to "accept" only documents on eight and one-half by eleven inch "paper." Although subsection (b)(2)(A) allows a recorder to "waive" the requirement of subjection (b)(1) for "good cause," in my opinion this waiver authority is conferred on a case-by-case basis, and would not support the across the board provision of electronic filing in the recorder's office as your question suggests. In light of the language of (b)(1), I cannot conclude that a county recorder has authority to provide generally for the recording of other than paper documents by members of the public.
Of course, county recorders have a great deal of discretion in how they keep or maintain documents, once received. In the context of your question, this is the effect of A.C.A. §16-46-101 (the statute you mention in your question), and other similar statutes. See A.C.A. § 14-2-201 (Supp. 2005) (authorizing the head of any county department to cause any or all records kept by the official to be photographed, microfilmed, photostated, or reproduced on or by film, microcard, miniature photographic recording, optical disc, digital compact disc, electronic imaging, or other process that accurately reproduces or forms a durable medium for reproducing the original . . ."). In my opinion, however, these statutes do no purport to authorize the acceptance of real estate instruments from members of the public by electronic means.
In my opinion the "Uniform Electronic Transactions Act" does not change this result. This Uniform Act, adopted in Arkansas in 2001 and codified at §§ 25-32-101 to -121 (Repl. 2002), applies to records of "governmental agencies," which are defined as including counties. See A.C.A. § 25-32-102(9). A "governmental agency" under the Act "shall determine whether, and the extent to which, it will send and accept electronic records and electronic signatures to and from other persons and otherwise create, generate, communicate, store, process, use, and rely upon electronic records and electronic signatures." A.C.A. §25-32-118(a)(1). The same act also provides, in pertinent part however, that:
 (b) If a law other than this chapter requires a record (i) to be posted or displayed in a certain manner, (ii) to be sent, communicated, or transmitted by a specified method, or (iii) to contain information that is formatted in a certain manner, the following rules apply:
 (1) The record must be posted or displayed in the manner specified in the other law.
A.C.A. § 25-32-108(b)(1) (Repl. 2002).
In my opinion, therefore, the controlling law is A.C.A. §14-15-402, restricting the recorder to the acceptance of documents, with limited exceptions, on eight and one-half by eleven inch "paper."
In explaining the limitations of the "Uniform Electronic Transactions Act" in this regard, it has been stated that the Uniform Act, together with the federal "Electronic Signatures in Global and National Commerce Act" ("E-Sign") "give legal effect to real estate transactions that are executed electronically and allow them to be enforced between the parties to the transaction." See Prefatory Note to the "Uniform Real Estate Recording Act," available at www.law.upenn.edu. The effect of this limitation in the context of the recording of real estate documents is described as follows:
 Even though documents resulting from electronic transactions are valid and enforceable between the parties [under the Uniform Electronic Transactions Act], there is uncertainty and confusion about whether those electronic documents may be recorded in the various local land records offices in the several states. Legacy laws and regulations in many states purport to limit recordable documents to ones that are in writing or on paper or require that they be originals. Other laws and regulations require signatures to be in writing and acknowledgements to be signed. Being electronic and not written on paper, being an electronic version of an original paper document, or having an electronic signature and acknowledgement instead of handwritten ones, an electronic document might not be recordable under the laws of these states. The continuing application of these legacy laws and regulations remain uncertain (see Op. Cal. Atty. Gen. No. 02-112 (Sept. 4, 2002)).
Id.
In my opinion A.C.A. § 14-15-402 is a law as described above. Although I have found no case law addressing the issue, the Attorneys General of several states have reached similar conclusions with regard to the applicable statues in their respective states. See, e.g., Op. South Carolina Att'y Gen., 2005 WL 2985562 (Oct. 31, 2005); Op. Texas Att'y Gen. GA-0228 (2005); Op. California Att'y Gen. 02-112 (2002); and Op. New York Att'y Gen. 2001-3 (2001).
Arkansas has not yet seen fit to adopt a newer uniform act, the "Uniform Real Estate Recording Act." That Act would supersede statutes such as A.C.A. § 14-15-402 and allow electronic recording of real estate instruments. See "Uniform Real Estate Recording Act" (2004), available at www.law.upenn.edu, § 3 Comment ("Any reference in a statute, regulation, or standard to a document as being on paper or a similar tangible medium in order to be recorded is superseded by this act. Similarly any statute, regulation, or standard that specifies that a document must be in writing in order to be recorded is also overruled by this act. Furthermore, since any paper-specific requirement such as the size of the paper or the color of the ink used for the document is inapplicable to an electronic document, those requirements do not prohibit or limit the recording of electronic documents.")
Under present law, however, in my opinion the answer to your question is "no," the recorder may not "provide for electronic/online recording of real estate instruments."
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] "Books" are defined in another subchapter as meaning "either paper, electronic files, or information maintained in a computer, computer system or network, or other electronic information storage and retrieval system." A.C.A. § 14-2-103
(Supp. 2005).